605 A.2d 1151

TOWN OF SECAUCUS, PLAINTIFF–RESPONDENT, v. HUDSON COUNTY BOARD OF TAXATION, COUNTY OF HUDSON, BOROUGH OF EAST NEWARK, TOWN OF GUTTENBERG, TOWN OF HARRISON, CITY OF HOBOKEN, CITY OF JERSEY CITY, TOWN OF KEARNY, TOWNSHIP OF NORTH BERGEN, CITY OF UNION CITY, TOWNSHIP OF WEEHAWKEN AND TOWN OF WEST NEW YORK, DEFENDANTS–RESPONDENTS, AND CITY OF BAYONNE, DEFENDANT–APPELLANT.

TOWN OF SECAUCUS, PLAINTIFF–RESPONDENT, v. HUDSON COUNTY BOARD OF TAXATION, DEFENDANT–APPELLANT, AND COUNTY OF HUDSON, CITY OF BAYONNE, BOROUGH OF EAST NEWARK, TOWN OF GUTTENBERG, TOWN OF HARRISON, CITY OF HOBOKEN, CITY OF JERSEY CITY, TOWN OF KEARNY, TOWN OF NORTH BERGEN, CITY OF UNION CITY, TOWN OF WEEHAWKEN AND TOWN OF WEST NEW YORK, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 18, 1992—Decided April 21, 1992.

Before Judges BRODY, MUIR, Jr. and LANDAU.

*F. Gerald Fitzpatrick,* Law Director, City of Bayonne, argued the cause for appellant City of Bayonne.

*Margaret A. Holland,* Deputy Attorney General, argued the cause for appellant Hudson County Board of Taxation (*Robert J. Del Tufo,* Attorney General, attorney; *Mary C. Jacobson,* Deputy Attorney General, of counsel; *Margaret A. Holland,* on the brief).

*Frances C. Holland* argued the cause for respondent Town of Secaucus (*Holland & Holland,* attorneys; *Frances C. Holland,* on the brief).

*Koch, Koch & Bennett,* attorneys for respondent Town of Kearny (*Norman A. Doyle, Jr.,* on the brief).

Respondents, Borough of East Newark, Town of Guttenberg, Town of Harrison, City of Hoboken, City of Jersey City, Town-

ship of North Bergen, City of Union City, Township of Weehawken and Town of West New York, relied on brief submitted by respondent Town of Secaucus.

The opinion of the court was delivered by

BRODY, J.A.D.

The main issue in these appeals, which we now consolidate, is whether *N.J.S.A.* 18A:54–37 (the statute) violates the New Jersey Constitution. The statute has the effect of exempting the taxpayers of only the City of Bayonne from contributing to the support of their county vocational school. The trial judge entered a summary judgment declaring that the statute violated the New Jersey Constitution's tax uniformity and special legislation clauses. We agree that the statute violates the tax uniformity clause, but not for the reason given by the judge.

The statute provides:

> Notwithstanding any of the provisions of chapter 54 of Title 18A of the New Jersey Statutes, in any county of the first class having a population of not more than 700,000 according to the latest federal decennial census, each municipality included within a school district which has maintained for a minimum of 20 years a vocational education program approved for the purposes of federal or State allotment of vocational funds by the Commissioner of Education under the regulation of the State Board of Education shall be exempt from assessment, levy or collection of taxes based on any apportionment of amounts appropriated for the use of a county vocational school district. [*N.J.S.A.* 18A:54–37.]

Twenty counties have approved county vocational schools and almost every local school district has an approved vocational education program. The statute's tax exemption (exemption), however, is available only to municipalities in Hudson County, one of three first-class counties. It is not available to municipalities in the other first-class counties, Essex and Bergen, because the population of each of those counties exceeds 700,-000. The exemption is presently available only to Bayonne because its approved vocational education program is the only one in Hudson County that has been maintained for twenty or more years.

To accommodate the exemption, Hudson County adopted a so-called "two-tiered" county tax rate. Bayonne paid county taxes at the lower tier because it was not taxed to fund the county vocational school district. The other Hudson County municipalities paid county taxes at the higher tier because their tax included the cost of the county vocational school district. Put more bluntly, and more precisely, Hudson County struck two county tax rates for its municipalities, the lower one solely for Bayonne.

The Constitution's tax uniformity clause provides in relevant part:

> 1. (a) Property shall be assessed for taxation under general laws and by uniform rules. *All real property* assessed and taxed locally or by the State for allotment and payment to taxing districts shall be assessed according to the same standard of value, except as otherwise permitted herein, and such real property *shall be taxed at the general tax rate of the taxing district in which the property is situated, for the use of such taxing district.* [Emphasis added.]
>
>    \*    \*    \*    \*    \*    \*    \*    \*
>
> 2. Exemption from taxation may be granted only by general laws. Until otherwise provided by law all exemptions from taxation validly granted and now in existence shall be continued. Exemptions from taxation may be altered or repealed, except those exempting real and personal property used exclusively for religious, educational, charitable or cemetery purposes, as defined by law, and owned by any corporation or association organized and conducted exclusively for one or more of such purposes and not operating for profit.

*N.J. Const. of 1947* art. VIII, § 1, paras. 1 and 2. The clause applies to all levels of state government, including counties. *Robinson v. Cahill,* 62 *N.J.* 473, 503, 303 *A.*2d 273 (1973), *cert. denied,* 414 *U.S.* 976, 94 *S.Ct.* 292, 38 *L.Ed.*2d 219 (1973) ("... [I]f the responsibility for the State function is assigned to local government, the local tax must fall uniformly upon all taxable property within the county or the municipality.")

"*Art.* VIII, § I, *par.* 1, plainly requires the application of the *same* standard of value and the *same* rate of tax, to all real property taxable for local use." *Switz v. Kingsley,* 37 *N.J.* 566, 585, 182 *A.*2d 841 (1962). (Emphasis in original.) Respecting the mandate that there be the same standard of value in the taxing district, the tax uniformity clause adds "except as other-

wise permitted herein." However, there is no exception respecting the mandate that there be the same rate of tax in the taxing district.

■ *N.J.S.A.* 18A:54–37 violates the tax uniformity clause because it compels Hudson County to apply a rate of tax to Bayonne that differs from the rate it applies to its other municipalities.

We differ with the trial judge's reasoning because he saw the constitutional violation in terms of giving favored treatment to Bayonne based on "the mere incidence of location," rather than on the use of its property, citing *New Jersey League of Municipalities v. Kimmelman*, 105 *N.J.* 422, 429, 522 *A.*2d 430 (1987). The *League* Court explained how to reconcile the two apparently conflicting paragraphs of the tax uniformity clause, the first requiring tax uniformity and the second permitting exemptions from taxation. It held that the tax uniformity clause may sometimes permit a statute to exempt real property from tax assessment based upon its use, but not upon the status of its owner or its location.

Here, the statute provides that a qualified municipality "shall be exempt from assessment, levy or collection of taxes based on any apportionment of amounts appropriated for the use of a county vocational school district." Although it uses the word "exempt," the statute does not exempt Bayonne's real property from taxation. Rather, it reduces Bayonne's county tax rate by excusing it from having to fund the county vocational school district. Thus we are not dealing with an exemption of real property from taxation; we are dealing with a lack of uniformity caused by excusing a taxpayer (Bayonne) from having to pay its proportionate share of the cost of an item in the budget of the taxing district (Hudson County).

Because the statute violates the tax uniformity clause we need not discuss whether it also violates the constitutional prohibition against special legislation. *N.J. Const. of 1947* art. IV, § 7, para. 9. The overriding consideration in this appeal is that because of the constitutional mandate that there be a

uniform county tax rate, the Legislature may not excuse a municipality from paying county taxes that fund a county facility even though the facility is not used by its citizens—just as the Legislature may not excuse an individual taxpayer from paying local taxes to fund a public school district even though the public school is not used by the taxpayer's children. *Cf. United States v. Lee*, 455 *U.S.* 252, 102 *S.Ct.* 1051, 71 *L.Ed.*2d 127 (1982) (Religion Clause of United States Constitution does not excuse Old Order of Amish from being taxed to fund federal social security system even though Amish religion requires Amish to maintain private system of social security and forbids its adherents from accepting federal social security benefits).

On another point, Bayonne contends that the trial judge erroneously provided "retroactive" relief. The point is not separately argued and the argument, which we reject, is at best terse. After declaring the statute unconstitutional, the judgment directs that a single county tax rate be struck for all Hudson County municipalities beginning with the year 1990. It also orders that adjustments be made for the prior years that span the course of this litigation. Bayonne does not question the substantive correctness of those adjustments.

Secaucus first raised the constitutional argument in the trial court when it moved to amend its complaint on May 27, 1988. The judgment provides that a full adjustment among the municipalities from that date "be set forth in the 1990 Hudson County Abstract of Ratables to be adopted by the Hudson County Board of Taxation." That relief is not retroactive to the amended complaint.

The original complaint, filed October 17, 1986, challenged the "two-tiered" tax rate as it was applied to the collection of the county tax on added and omitted assessments affecting the 1986 county budget. Secaucus contended only that there was no need to apply the upper-tier rate when taxing added and omitted assessments because that levy was made after the county vocational school district budget had been fully funded

by the regular tax levy for that year. The trial judge agreed and in a judgment entered April 16, 1987, ordered that the County apply the taxes collected from added and omitted assessments to reduce the following year's county vocational school district budget, thereby giving the municipalities that paid at the higher rate a credit against the upper-tier levy for the following year. An appeal followed.

It was not until it fashioned its arguments on that appeal that Secaucus challenged the constitutionality of using a two-tiered tax rate to collect county taxes. In deciding the appeal, we concluded that the constitutional issue should be raised initially in the trial court. We remanded to allow Secaucus to amend its complaint and directed that it join the other Hudson County municipalities in the litigation. The partial adjustment in the present judgment for the period from 1986 to May 27, 1988, simply preserves the relief for that period given the non-Bayonne municipalities in the first judgment. That relief is not retroactive to the complaint.

Affirmed.